## MOCK v SURDYK

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10126. Decided October 7, 1929

Frank W. Emslie, Cleveland, for Mock.
E. H. Meisel, Cleveland, for Surdyk.

SULLIVAN, J.

It is clear from the contract that the brokerage to be paid was to be derived from the terms of the written contract. Is other words, all of the provisions of the contract are a condition precedent to the right to recover brokerage, for it is a well understood proposition of law, as well as a principle of common sense, that in order to entitle a broker to his commission on the ground that he has brought the parties together, and on the ground that they are ready, willing and able, it must depend upon the terms and conditions of the contract of exchange and sale, and one of the provisions of this contract is that certain conditions must be complied with and in a most material and vital way they were not complied with, because to consummate the sale there would be a loss to one of the parties of the sum of $900.00 by reason of the mortgage being $5000.00 instead of $4100.00.

It was an assumption upon which the broker was compelled to rely that the terms of the contract as to the amount of the mortgages would be substantially as stated therein. Otherwise a deal was being consummated which was not contemplated by the contract and so far as the evidence discloses the contract would not have been completed excepting according to the terms of the agreement.

A broker cannot secure his commission unless he furnished a purchaser who is ready, able and willing under the terms and conditions of the contract, and a purchaser ready, able and willing to purchase under the terms which are not included in the contract is not the consummation of a sale or trade which entitled him to brokerage because he is making a trade or sale which is not in contemplation of the parties and which is out of accord with the provisions of the agreement.

Holding these views the judgment of the lower court is hereby affirmed.

Vickery, PJ, and Levine, J, concur.