### AUBRECHT v VANACEK

Ohio Appeals, 9th Dist, Medina Co
No 111. Decided April 10, 1931

Phillip H. Stern, and Van Epp & Porter, Medina, for Aubrecht.

F. C. Friend, Cleveland, and Elmer W. Waite, Medina, for Vanacek.

FUNK, J.

Counsel for plaintiff contend that plaintiff secured a purchaser ready, able and willing to take defendant's property and that a binding agreement was entered into and that defendant agreed in writing to pay plaintiff a stipulated "commission for his services on or before the closing of this transaction," which was inserted as a part of the agreement between defendant and the alleged purchaser Kearns. Counsel for plaintiff contend that he was entitled to recover when a binding contract was signed

Counsel for defendant claim that as the wife of defendant did not sign the contract and as said alleged purchaser did not have title to the property, he proposed to trade to defendant; that said so-called purchaser was not at any time able to comply with the said agreement and that the contract was for that reason not closed and that defendant was justified in refusing to go forward with the contract and file his title papers with the escrow agent when said Kearns had no title to the premises he represented to own and offered defendant a deed from someone else or had a deed from someone else to the wife of said Kearns.

It will be observed that the contract provided that defendant agreed to pay plaintiff a designated commission "on or before the closing of this transaction" and that the agreement between defendant and said Kearns contained this clause:

"It is a further consideration that as far as the first party is concerned this offer shall become null and void if an agreement the first party has with the owners of the Garfield Boulevard property and Mr. Nobile, the owner of the East 71 St. property, is not consummated."

As we construe the contract, plaintiff was not entitled to his commission until this transaction was closed—provided, of course, the failure to close it was not due entirely to the unwarranted fault of defendant.

It will also be noted that by the above quoted clause the contract was to be closed only upon condition that a certain agreement said Kearns had with a third party for the very real estate he was to convey to defendant was consummated, and there is evidence tending to show that this was the reason the trade was not closed.

As we view the case, plaintiff was required to furnish some evidence to prove that said Kearns had complied with all the conditions on his part to be performed and thus make a prima facie case before he was entitled to recover.

We have carefully read the entire record and re-read parts of it, and while there is evidence that there was a deed present at the escrow office purporting to convey the premises described in the contract as belonging to Kearns to either one Myrtle Kearns, the wife of said Raymond J. Kearns, or direct to the defendant, Vanacek, there is absolutely no evidence to show that the provisions of said above-quoted clause in the contract had been complied with—that is, that the agreement between said Raymond J. Kearns and the owners of the property he represented he owned had been consummated.

It is contended that the presence of a deed for it to plaintiff's wife or direct to defendant is some evidence that it had been consummated, but it must be remembered that said Kearns represented that he owned it and would convey it by "a good and sufficient warranty deed" and that defendant was entitled to such deed from said Raymond J. Kearns and not from someone else.

It must also be remembered that a party may be willing to accept a warranty deed from one person and not from another, for the simple reason that the warranty of an irresponsible person is no better than a quit-claim deed from such person, except as a matter of form, because if the person warranting the title is worth nothing the grantee could recover nothing from him if for any reason the title was defective.

Finding no evidence that the provisions of said above-quoted clause had been complied with, and finding that said clause was

a material part of the agreement, the plaintiff failed to introduce some evidence on every point essential to a verdict in his favor, and the trial court was right in directing a verdict for defendant.

The judgment is therefore affirmed.

PARDEE, PJ, and WASHBURN, J, concur.