**KALLINS, Plaintiff-Appellee, v. REX, INC., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23331. Decided March 30, 1955.

N. R. Simon, G. W. Rosenberg, Cleveland, for plaintiff-appellee.
Kuth & Meyers, Cleveland, for defendant-appellant.

## OPINION

By KOVACHY, PJ.

Plaintiff-appellee brought an action in the Cleveland Municipal Court for commission earned for obtaining a tenant on a five year written lease for premises owned by the defendant corporation. Although the building was reconstructed to house light commercial enterprises, it was located in a district zoned for residential purposes and classified for a non-conforming use. The lease was executed on January 23, 1952 for a term of five years, commencing on February 1, 1952 and ending on March 1, 1957 and stipulated a total rental of $47,130.00 payable in monthly installments of $785.50. It also provided for a deposit with its execution of $2356.50 as security for the obligation and to be used as advance rent to May 1, 1952. It contained the usual provisions of a written lease and in addition this significant condition: "In the event that it is impossible to secure approval by the Zoning Board of lessee's occupancy, the above advance rent will be refunded to lessee and his contract will be considerd null and void."

Prior to the effective date of the lease, the Zoning Board of Appeals granted a temporary permit to the defendant-appellant allowing use of the premises by the lessee for a period of one year. The lessee, even though only assured a one year occupancy by the temporary permit, took possession of the premises on February 1, 1952 and made the monthly installment payments called for by the lease.

Plaintiff-appellee in his petition alleged among other things that he had obtained a tenant for the defendant under a five year written lease and under the prevailing rates established by the Cleveland Real Estate Board was entitled to a commission of five per cent of the full rental to be paid under the lease or an amount of $2356.50 with interest from the 23rd day of January, 1952. The Municipal Court of Cleveland on the basis of the facts stipulated by and between counsel in the case, rendered judgment for $589.22, representing commission for rentals received by the lessor up to the date of filing of the petition in that court, and further adjudged and ordered "That this judgment shall be without prejudice to the rights of the plaintiff to sue for any additional installment or installments of commission after the same may accrue."

Defendant-appellant appeals here from this judgment on questions of law, claiming that the trial court rendered judgment on an issue not before it; and on a quantum meruit basis without evidence and in an erroneous amount.

The first question confronting us is the determination of the affect upon this written lease by the provision "In the event that it is impossible to secure approval by the Zoning Board of lessee's occupancy, the above advance rent will be refunded to lessee and his contract will be considered null and void," in view of the fact that the Zoning Board of Appeals allowed a temporary permit for one year and not an occupancy for the full term of the written lease. We believe that the provision just mentioned is a condition precedent in the lease. The expression, "lessee's occupancy" unquestionably refers to an occupancy for the full life of the lease for the reason that the parties had in mind when entering into this agreement that such occupancy would take place or none at all. The purpose of a written lease is to assure a lessee a definite term of undisturbed and peaceful use of premises demised and the lessor a guaranteed remuneration for the term specified. It seems obvious to us that at the time this lease was entered into, the parties had in mind a permissive right running to the lessee to occupy the premises for its full term and the voiding and cancellation of the same in the event such occupancy was not allowed by the Zoning Board of Appeals, and that under the circumstances the approval of the Board for occupancy for five years was a condition precedent and that upon the failure to obtain such approval, the lease, ipso facto, became null and void. It necessarily follows, therefore, that when the Zoning Board of Appeals refused to issue a permit allowing occupancy for the term of the written lease, it became "impossible to receive approval by the Zoning Board of lessee's occupancy" and the lease under the clear and unequivocal language contained within it, became null and void.

Paragraph one of the syllabus in **Gibson v. Warren Metropolitan Housing Authority, 65 Oh Ap 84** reads:

"A provision in a contract between a private corporation and a housing authority that 'in the event said site is not rezoned by the time herein mentioned or any extension hereof, then said contract shall be void, cancelled and of no effect,' is a condition precedent to the liability of the housing authority on the contract."

See **Aubrecht v. Vanacek, 9 Abs 710** and **11 O. Jur. 2nd 436, Sec. 186.**

When the lessee occupied the premises under this invalid lease and paid the installments or rent provided in the lease, it, by implication of law, became a tenant at will from year to year at the rent reserved in the lease and subject to all its provisions except as to duration.

In **B & O R. R. v. West, 57 Oh St 161**, paragraph one of the syllabus reads:

"An entry under a lease for a term of years at an annual rent, void for any cause, and payment of rent under it, creates a tenancy from year to year upon the terms of the lease, except as to its duration."

In **Grundstein v. Suburban Motor Freight, Inc., 92 Oh Ap 181**, paragraph four of the syllabus reads:

"Where a purported lessee takes possession under a defectively executed lease and pays rent, a tenancy will be implied, the duration of the term of which is determinable by the provisions for payment of rent, and where the rent is reserved annually, although payable in monthly installments, a tenancy from year to year will be implied."

**Strangward v. Bedstead Company, 82 Oh St 121**, paragraph three of the syllabus reads:

"A lease which provides for a term of two years, the rent to be a stated sum per year during the continuance of the lease, is a leasing for a fixed term and is not a renting from month to month although the rent is to be paid in specific installments on the first day of each month in advance."

See 32 Amer. Juris. 71 Sec. 51 and 52; **24 O. Jur. 789, Sec. 54.**

Defendant-appellant's contention that under the circumstances a month to month rental ensued is not maintained under these holdings.

Plaintiff maintains that inasmuch as the landlord and the tenant in this case entered into a written five year lease that he had accomplished his mission and was entitled to the commission specified by the Real Estate Board, namely, five per cent of the gross rentals accruing under the lease.

We are of the opinion that his commission depended upon the actual leasehold that resulted from his efforts, in this case a leasehold from year to year. Under the law, to fulfill his duties as broker, he was required to obtain a person ready, willing and able to enter into a leasehold for occupancy of the premises involved. The lessee, in executing the lease here under consideration, exhibited its readiness and willingness to enter into a five year lease. Its ability to enter into such lease, however, was completely dependent upon the agreeableness of a third party to allow or not to allow, and when occupancy for the term of the lease was denied it by the Zoning Board of Appeals, it was found unable to enter into the tenancy for five years as contemplated by it and the landlord. The broker consequently obtained a tenant from year to year for the landlord and can claim commission or compensation on that basis alone.

4 Ruling Case Law 297, Section 42:

"In the absence of an express stipulation to the contrary, his (broker's) right to compensation is contingent upon the successful culmination of his undertaking."

See Mock v. Surdyk, 7 Abs 648.

Patton v. Alessi, 42 Oh Ap 91.

The parties herein agree that the prevailing rate established by the Cleveland Real Estate Board for commission on a long term lease is five per cent of the gross rental to be realized. The Lessee herein is in possession for the second full year, the defendant having obtained a renewal of a year's temporary permit. The plaintiff, accordingly, is entitled to five per cent of the rentals accrued or to accrue for two full years. The rent for two years is $18,852.00 and five per cent thereof is $942.60.

We, as a result of the above, modify the judgment rendered by the trial court as to the amount due the plaintiff by entering judgment for $942.60 with interest at six per cent from the due dates of the severable obligations and reverse that part of the judgment preserving further rights to the plaintiff for further commission, the trial court lacking authority in an action at law so to do.

The judgment of the Cleveland Municipal Court is modified in part and reversed in part and final judgment is rendered the plaintiff-appellee and costs. Exceptions. Order see journal.

SKEEL, J, concurs.

HURD, J, concurs in the modification of the judgment to $942.60 but dissents as to that part which reverses the judgment as to further rights of action.

In my opinion the occupancy was taken under a five year lease which was neither invalid nor void but subject only to a condition dependent upon the consent of a third party, namely, the Zoning Board of Appeals.

It is my view that the lease being from year to year, the plaintiff is entitled to commission each year that the lessee remains in possession up to the full five year period.