OPINION
{¶ 1} Plaintiff-appellant, Fred Haught, appeals the decision of the Clinton County Municipal Court finding that the lease he signed with defendant-appellee, Russell Geissinger, was perpetual and not executed in compliance with the statute of conveyances. We affirm the decision of the trial court.
 {¶ 2} In May 2001, Geissinger signed a lease agreeing to rent one of Haught's apartments for $360 per month. The lease contained a provision entitled "Renewal of Agreement" that stated: "At the end of the 12months term, this agreement will automatically *Page 2 
be renewed for an additional 12 months and thereafter every 12months, under the same terms and conditions. The agreement can be terminated or modified by giving written notice 60 days prior to the renewal date." (Underlining in original.) The cancelation provision stated "There is no provision in this agreement for rental periods of less than 12 months." (Underlining in original.) Geissinger and Haught signed the lease, but the signatures were not acknowledged.
 {¶ 3} Geissinger lived in the apartment without incident until 2007 when he expressed his desire to move out. Though a fact contested at a hearing on the matter, the magistrate found that Geissinger called Haught's office sometime in March and informed one of Haught's employees that he planned on moving out when his lease expired at the end of April. During that phone call, Haught's employee informed Geissinger that his oral notice was insufficient, as the lease called for written notice 60 days prior to the renewal date. According to Geissinger's testimony, the employee informed him that his call was six days too late and should Geissinger break the lease, he would be responsible for the rent until either the apartment could be re-rented or until the expiration of the lease in April 2008.
 {¶ 4} Sometime after the phone call, Geissinger moved out of the apartment and on May 1, 2007, Haught received a letter via certified mail in which Geissinger stated, "As of 4/30/07 I am moved out of and am no longer a tenent [sic] of [the apartment]." According to Geissinger's testimony at the hearing, he failed to provide Haught with a forwarding address because he did not feel that he owed Haught rent for any months in which he did not live in the apartment and did not want to be contacted regarding any such obligation.
 {¶ 5} When Geissinger did not pay the rent for May, Haught filed a three-day notice, notifying Geissinger that if he did not pay rent within three days, Haught would file a forcible entry and detainer case against him. Haught testified that he served this notice on Geissinger under the door of the apartment in which Geissinger had been a tenant. After the *Page 3 
entry and detainer case was dismissed because Haught took possession of the apartment, Haught amended his complaint to include a request for damages due to lost rent and damages to the apartment.
 {¶ 6} The magistrate held a hearing in November 2007 in which Haught proceeded pro se while Geissinger was represented by counsel. At the hearing, Geissinger, Haught, and Haught's employee testified and the court heard full arguments on the issue. Soon after, the magistrate released his opinion in which he determined that Haught's lease was perpetual and was therefore subject to Ohio's statute of conveyances. The magistrate determined that the lease was not properly executed because the signatures were not acknowledged, as is required by the statute. Instead, the magistrate determined that the agreement became a de facto month to month lease and that Geissinger was required to pay one month's rent because he failed to give 30-days written notice of his intent to vacate the property. The magistrate also awarded Haught a $70 late fee for a total of $430 in damages which were offset by Haught's retention of Geissinger's $360 security deposit. The magistrate, however, declined to award any property damages because Haught failed to present evidence at the hearing that he incurred any "actual cost of repairs" other than the general salary owed to his employees who cleaned and prepared the apartment for re-renting.
 {¶ 7} Haught filed objections to the magistrate's decision and the court heard the issue during a hearing in February 2008 at which Geissinger was again represented by counsel and Haught proceeded pro se. The court adopted the magistrate's findings of fact and conclusions of law and denied Haught's objections. It is from this decision that Haught now appeals, raising three assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PLAINTIFF STATING PLAINTIFF'S *Page 4 
LEASE WAS DEFECTIVELY EXCUTED, AS LANDLORD'S SIGNATURE WAS NOT ACKNOWLEDGE BY NOTARY PUBLIC OR OTHER DESIGNATED OFFICIAL PER OHIO REVISE CODE 5301.01." [sic]
 {¶ 10} In his first assignment of error, Haught essentially argues that the lease was not perpetual in nature so that it should not be subject to the statute of conveyances. This argument lacks merit.
 {¶ 11} Haught argues that the lease he signed with Geissinger is a normal residential lease rather than a perpetual one because the layman definition of a perpetual lease is different than that contained in pertinent case law. Initially, we note that Haught's brief is replete with citations to internet references[1] and requests that this court "review this case based on the facts and evidence presented not some case law that does not fit our case because no two cases are exactly alike." However, this court cannot disregard applicable statutory confines and the case law which aptly interprets such rules of law. SeeState ex rel. Davis v. Pub. Emps. Retirement Bd., Slip Opinion No. 2008-Ohio-6254, quoting Westfield Ins. Co. v. Galatis,100 Ohio St. 3d 216, 2003-Ohio-5849, ¶ 1, (discussing the importance of stare decisis and the court's duty to "follow controlling precedent, thereby `creating stability and predictability in our legal system'"). Though we recognize that Haught did not have the benefit of counsel due to his choice to proceed pro se, a self-represented litigant must still comport with codified rules of law written by Ohio legislators, rather than references cited from the internet.
 {¶ 12} In order to be valid, a perpetual lease must be created in accordance with Ohio's statute of conveyances, R.C. Chapter 5301. A lease is perpetual if it contains an automatic renewal clause which makes the duration indefinite and uncertain. Barclay *Page 5 Petroleum, Inc. v. Perry (May 31, 1990), Muskingum App. No. CA-89-7.
 {¶ 13} According to R.C. 5301.01, "A deed, mortgage, * * * or lease of any interest in real property * * * shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease * * *. The signing shall be acknowledged * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify that acknowledgement and subscribe the official's name to the certificate of acknowledgement." The language contained in the statute is mandatory and expresses the legal requirements necessary to create a valid lease.380 East Town Assoc. v. Mangus (June 20, 1991), Franklin App. No. 91AP-92. According to R.C. 5301.08, while leases less then three years long are not within the confines of R.C. 5301.01, "a one-year lease which provides for automatic extensions is a lease for more than three years for purposes of R.C. 5301.01 and 5301.08." Zunshine v. Wallace F.Ackley Co. (Mar. 30, 2000), Franklin App. No. 99AP-531, fn. 1.
 {¶ 14} When defectively executed, the lease is invalid and "it is well settled that where a purported lessee takes possession under a defectively-executed lease and pays rent, a tenancy will be implied and is subject to all terms of the purported lease except duration."Ruben v. S.M. N. Corp. (1993), 83 Ohio App.3d 80, 83. In lieu of an enforceable lease provision, the duration in an implied tenancy will be based on the payment terms in the invalid lease so that if the lessor pays on a monthly basis, a month to month tenancy will be created. Id.
 {¶ 15} Here, the provision in Haught's lease expressly stated that the lease would renew automatically every year for 12 months unless Haught received notice of termination 60 days prior to the automatic renewal date. While both Geissinger and Haught signed the lease, there was no other acknowledgement, such as that provided by a notary. Having found that the lease was perpetual and therefore controlled by R.C. 5301.01, the trial court *Page 6 
was correct in determining that the lease was not executed properly. The payment provision of the lease required Geissinger to pay monthly installments of $360 so that holding Geissinger to an implied month to month tenancy was also appropriate.
 {¶ 16} Having found that the lease was perpetual and subject to the statute of conveyances, Haught's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE TRAIL [sic] COURT ERRED WHEN [THE MAGISTRATE] DID NOT TAKE THE EVIDENCE PRESENTED IN COURT REGARDING THE SIXTY DAY NOTICE, HOWEVER HE CHOSE TO GO BEYOND THE EVIDENCE AND SEARCH TO FIND A PERPETUAL LEASE."
 {¶ 19} In his second assignment of error, Haught essentially argues that the magistrate lacked the authority to determine that the perpetual lease was not executed properly and that a month to month implied tenancy was created. This argument lacks merit.
 {¶ 20} According to Civ. R. 53(C)(1)(a)-(b), a magistrate has the authority to assist the court by determining any motion that comes before it and to conduct a hearing or trial on such motions. Specific to the case at bar, if the court finds that a lease is invalidly executed, it "must determine the terms of the resulting tenancy." Ruben at 83.
 {¶ 21} While Haught argues that the magistrate was not authorized to determine that the lease was perpetual because Geissinger never questioned the validity of the lease, the magistrate had the authority to determine the issue. In order to determine whether Haught was entitled to the damages he moved the court to award, the magistrate needed to have determined the validity of the lease and under what terms the parties acted. Once the magistrate concluded that the lease was invalid because it had not been acknowledged, he was obligated to determine under what implied tenancy the parties continued. The magistrate was correct in characterizing the lease as month to month, as Geissinger paid *Page 7 
monthly installments during his implied tenancy. Having had the authority and obligation to decide what type of lease existed and what terms resulted from the invalid execution, Haught's second assignment of error is overruled.
 {¶ 22} Assignment of Error No. 3:
 {¶ 23} "THE TRIAL COURT ERRED WHEN [THE JUDGE] DID NOT LOOK AT THE FACTS AND EVIDENCE PRESENTED IN THIS CASE, BUT AGREED WITH [THE MAGISTRATE'S] DECISION, AND ALSO THE JUDGE MAKES STATEMENTS WHICH DID NOT PERTAIN TO THIS CASE, REGARDING MONTH TO MONTH LEASE." [sic]
 {¶ 24} In his third assignment of error, Haught essentially argues that the court erred in adopting the magistrate's decision because it did not take into consideration the evidence specific to this case. There is no merit to this argument.
 {¶ 25} According to Civ. R. 53(D)(4)(a)-(i), a court may adopt the decision of the magistrate in whole or in part. While Haught argues that the court erroneously adopted the decision because it relied on the magistrate's opinion rather than considering pertinent evidence, we disagree.
 {¶ 26} A review of the record clearly demonstrates that the court heard evidence from both parties at a hearing before it issued its decision to adopt the magistrate's opinion in full. During the hearing, Haught argued that his lease was residential in nature and was not subject to the statute of conveyances. However, after considering the evidence before it, the trial court held otherwise. There is no indication from the record that the court disregarded any evidence supplied by Haught, and instead, the court's order upholding the magistrate's award cites R.C. 5301.01 and how the statute of conveyances applied to the lease in question.
 {¶ 27} Haught also contends that the court made statements that did not pertain to the case by referencing the fact that the court noted that Haught's lease failed to offer the *Page 8 
opportunity for his tenants to go month to month after the initial rental year lapsed. The court first made mention that Haught's lease did not give a lessee the chance to go month to month at the February hearing, to which Haught responded "we, we take that on a case by case basis." The court then specifically stated "Oh, okay. Well, it's not an issue, but I did want to point that out. In reviewing this matter, I wondered about that myself." In the court's decision adopting the magistrate's decision, the statement of facts makes reference to the fact that Haught's lease failed to give lessees the chance to go month to month after the initial 12-month term.
 {¶ 28} Although Haught argues that the court should not have considered this fact when rendering its decision, the court needed to have considered this fact in order to determine if the magistrate's conclusion regarding the perpetual lease was correct. Had the lease provided the choice to the lessee to rent month to month, instead of an automatic renewal, then it is possible that the lease would have been considered a traditional residential lease instead of a perpetual one.
 {¶ 29} The court, having considered the evidence presented at the hearing and properly analyzing the controlling case law, did not err in adopting the magistrate's decision so that Haught's third assignment of error is overruled.
 {¶ 30} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] Haught asks this court to rely on the definition for perpetual lease found in Dictionary.com as being "a lease renewable forever at the lessee's option." *Page 1