DELFINO, APPELLANT, *v*. PAUL DAVIES CHEVROLET, INC., APPELLEE.

(No. 38918—Decided June 23, 1965.)

284

*Mr. James C. Britt*, for appellant.
*Mr. John H. Summers*, for appellee.

MATTHIAS, J. Appellant bases his right of recovery on any one of the three separate and independent grounds. First, that Section 2719.01, Revised Code, rendered the lease valid; second, that a court of equity under its powers of reformation may reform this lease and render it valid; and, third, that part performance has removed this lease from the operation of the statute of conveyances (Section 5301.01, Revised Code). We will consider appellant's arguments in that order.

Section 5301.01, Revised Code (127 Ohio Laws 1039, 1108), in relation to the execution of instruments, provided as follows:

"A deed, mortgage, or lease of any interest in real property must be signed by the grantor, mortgagor, or lessor, and such signing must be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing must be acknowledged by the grantor, mortgagor, or lessor before a judge of a court of record in this state or a clerk thereof, a county auditor, county engineer, notary public, mayor, or county court judge, who shall certify the acknowledgment and subscribe his name to the certificate of such acknowledgment."

This section is mandatory in nature and sets forth clearly the legal requisites necessary to create a vaild lease.

Since early in Ohio legal history, it has been held that a defectively executed lease is invalid and does not operate to convey the estate or create the term of leasehold sought to be created thereby. *Richardson* v. *Bates*, 8 Ohio St. 257; and *Wineburgh* v. *Toledo Corporation*, 125 Ohio St. 219, paragraph one of the syllabus of which reads as follows:

"A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month; and where the tenant occupying under such lease vacates the premises at the end of a month, after fully prepaying the rentals then due, he is not liable to the lessor for the rental installments accuring after such vacation, in an action at law based upon such defectively executed lease."

The instrument in the present case does not comply with the mandatory provisions of Section 5301.01, Revised Code, in that it has the name of only one witness thereon, and in the previous consideration of this lease by the Court of Common Pleas and the Court of Appeals in this case it was determined as a matter of fact that the acknowledgment, although proper on its face, had not been executed in conformity to law.

It is appellant's argument that Section 2719.01, Revised Code, cured these defects in execution and validated the lease.

Section 2719.01, Revised Code, reads as follows:

"When there is an omission, defect, or error in an instrument in writing or in a proceeding by reason of the inadvertence of an officer, or of a party, person, or body corporate, so that it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

Appellant places too broad an interpretation on this section. To follow appellant's argument would result in rendering completely nugatory the provisions of Section 5301.01, Revised Code, requiring that certain formalities must attend the execution of instruments transferring an interest in propery. Substantially, parties could say: "We don't care what the law requires in relation to transfers of real property. Section 2719.01, Revised Code, will make any instrument we execute valid." To follow this theory, any scrap of paper, no matter how informal, would constitute a deed or lease.

This is not the intent or purpose of Section 2719.01, Revised Code. Such section relates only to technical defects in instruments. It saves instruments which do not comply strictly with the technical requirements as to content; it does not relieve the parties from complying with the mandatory requirements of

Section 5301.01, Revised Code, having to do with the formal requirements in executing instruments relating to the transfer of real property.

The curative effect of Section 2719.01, Revised Code, operates to validate instruments in relation to technical defects of content. It does not validate a lease which does not comply with the mandatory requirements of Section 5301.01, Revised Code, as to execution.

Although the requirements of Section 5301.01, Revised Code, may not operate to prevent all frauds in relation to land, it acts as a strong deterrent to the perpetration of such frauds.

The next question is whether a court of equity under its powers of reformation may validate an invalid lease.

Where a statute requires certain formalities for the execution of an instrument, reformation cannot be granted to supply these formalities. McClintock, Equity 276, and cases cited in footnote 9.

The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof, i. e., to establish the actual agreement of the parties. 47 Ohio Jurisprudence 2d 120, Reformation of Instruments, Section 2.

"Reform" does not connote "create." A reformation presupposes the existence of a valid instrument which fails to express the actual intent of the parties. An action for reformation is not to create an obligation but to establish the content of the instrument as intended by the parties.

To obtain the relief sought by appellant in the instant case would require the court to re-execute an improperly executed lease. This a court cannot do. A court can no more execute an instrument on behalf of the parties than it can create a new and different agreement for them. A court of equity under its power of reformation cannot validate or give life to an invalid lease.

The final question for determination is whether this lease has been removed from the operation of the statute of conveyances under the doctrine of part performance.

The basic elements necessary to remove an instrument from the operation of the statute of frauds are also necessary to remove it from the operation of the statute of conveyances.

The doctrine of part performance is based in equity. It is

applied in situations where it would be inequitable to permit the statute to operate and where the acts done sufficiently establish the alleged agreement to provide a safeguard against fraud in lieu of the statutory requirements.

Part performance to be sufficient to remove the agreement from the operation of the statute of conveyances (Section 5301.01, Revised Code) must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo*. *Hughes* v. *Oberholtzer*, 162 Ohio St. 330; *Tier* v. *Singrey*, 154 Ohio St. 521; *Myers* v. *Croswell*, 45 Ohio St. 543, 548; 37 Corpus Juris Secundum 759, Statute of Frauds, Section 250. If the performance can reasonably be accounted for in any other manner or if plaintiff has not altered his position in reliance on the agreement, the case remains within the operation of the statute.

In *Tier* v. *Singrey, supra*, 526, it is stated:

"Possession alone is not sufficient to remove the sale from the operation of the statute of frauds. That is expressly conceded by counsel for the plaintiffs. Part performance of the contract may constitute a ground for relief from the statute of frauds, of which possession is usually an element.

"In an action for specific enforcement of an oral contract for the sale of land, equity intervenes to render the statute of frauds inoperative only when a failure to enforce the contract will result in fraud and injury. To entitle one claiming to have purchased land to enforce an oral contract for the conveyance thereof, he must, in reliance on the promise, have performed acts which changed his position to his prejudice. 37 Corpus Juris Secundum 764, 766, Section 252.

"The rule in such cases is well stated in 49 American Jurisprudence 886, 887, Section 580, as follows:

" 'In order to escape the effect of the statute upon the theory of fraud, one must establish that he acted in reliance on the contract and on the acts or acquiescence of the other party thereto in such way as to have changed his position or prejudiced himself. The fraud against which the courts grant relief, notwithstanding the statute of frauds,

consists in a refusal to perform an agreement upon the faith of which the plaintiff has been misled to his injury or made some irretrievable change of position, especially where the defendant has secured an unconscionable advantage, and not in the mere moral wrong involved in the refusal to perform a contract which by reason of the statute cannot be enforced. When one party induces another, on the faith of a parol contract, to place himself in a worse situation than he could have been if no agreement existed, and especially if the former derives a benefit therefrom at the expense of the latter, and avails himself of his legal advantage, he is guilty of fraud, and uses the statute for a purpose not intended—the injury of another—for his own profit. In such cases, equity regards the case as being removed from the statute of frauds and will in proper cases enforce the contract or otherwise interfere to prevent the application of the statute.' ''

The rule particularly applicable here is well stated in 49 American Jurisprudence 732, Section 427, as follows:

''Since the doctrine of part performance is based upon the prevention of fraud, and its application to permit specific performance of an oral contract is dependent upon the existence of the general prerequisites to equitable relief, nothing can be regarded as a part performance to take a verbal [oral] contract out of the operation of the statute which does not place the party in a situation whereby he will be defrauded unless the contract is executed. The acts relied upon as part performance of a parol contract for the sale of land must be such as change the plaintiff's position and would result in a fraud, injustice, or hardship upon him, if the contract were not executed or enforced. * * *

''Equity has no concern in cases of part performance except to prevent the perpetration of a fraud. That is the only ground which can justify its interference. Otherwise, the exercise of its jurisdiction for the practical annulment of the statute would be merely bare usurpation. * * * The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an

unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense.''

The acts alleged by plaintiff in the instant case are not sufficient to remove the lease from the requirements of the statute of conveyances. Plaintiff permitted defendant to remain in possession of the property, accepted rent, and credited defendant as having prepaid rent in return for a new motor vehicle. It is not alleged nor can it be assumed from the facts that plaintiff changed his position to his detriment in reliance on the lease.

Accepting the automobile and making the bookkeeping entries to prepaid rent do not unequivocally refer to an agreement to lease land. The exchange was a collateral matter and is not even mentioned in the lease.

The majority of cases hold that possession and payment of the rent are not sufficient to relieve the parties from the requirements of the statute. Ordinarily such acts will result in a periodic tenancy. See 33 Ohio Jurisprudence 2d 332, Landlord and Tenant, Section 61. Allowing defendant to retain possession and accepting rent is consistent with and referable to either the agreement set up by plaintiff or a periodic tenancy. Thus, it would not be sufficient to remove the lease from the operation of the statute. 1 Casner, American Law of Property, 219, Section 3.21.

Since plaintiff did not request specific performance it is not necessary to decide in the action whether the defectively executed lease could be treated as a contract to make a lease which could be specifically enforced.

The defects in execution of the lease are not curable under Section 2719.01, Revised Code; reformation will not be granted to supply formalities required by a statute; and the acts alleged by plaintiff as part preformance are not sufficient to remove the lease from the operation of the statute of conveyances.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

ZIMMERMAN, O'NEILL, HERBERT, and BROWN, JJ. concur.

TAFT, C. J., and SCHNEIDER, J., concur in paragraphs one, two and three of the syllabus and in the judgment.