BABEY, D. B. A. SPECIALTY LITHOGRAPHING CO., APPELLANT, *v.*
LOWMAN, APPELLEE.

[Cite as Babey v. Lowman, 7 Ohio App. 2d 38.]

(No. 9895—Decided April 25, 1966.)

*Messrs. Tyler, Kane & Rubin,* for appellant.
*Mr. William Flax,* for appellee.

HILDEBRANT, P. J. The trial court sustained a demurrer to the amended petition on the ground that the action was barred by Section 1335.05 of the Revised Code, the statute of frauds. Plaintiff refused to plead over, and the appeal is here on questions of law.

Plaintiff alleges the filing of a previous suit versus the defendant upon an account for services rendered claiming the sum of some eleven thousand dollars due him from defendant.

Plaintiff then alleges that, pending that action, he and the defendant entered into an oral agreement under the terms of which plaintiff agreed to dismiss the prior action on an account with prejudice, in consideration of the promise of the defendant to pay or see to the payment of the amount claimed in the former suit, payment thereof to be made at the rate of three

hundred dollars per month, commencing on April 10, 1962, and continuing until such debt was paid in full.

Plaintiff then alleges that in reliance upon such oral agreement he performed his part thereof in full by entering an entry of dismissal with prejudice of the prior suit. He further alleges part performance by the defendant in payment upon account to the amount of two thousand one hundred dollars. He then alleges default, failure and refusal by defendant to further perform, and seeks to recover a balance due him in this action.

Plaintiff contends under the facts stated, which upon demurrer are to be taken as true, that full performance on his part, together with the added fact of part performance on the part of defendant, render the statute of frauds inapplicable.

Our research discloses that as a general rule the doctrine of part performance is not available in cases coming within the provisions of the statute requiring contracts not to be performed within a year to be in writing.

However, it has been held by this court that such an oral contract may, under exceptional circumstance, be taken out of the statute upon the principle of equitable estoppel, resembling part performance. Compromise, dismissal of or refraining from taking legal action may operate to change the siuation of the party so acting and to estop the other party from refusing to honor his oral contract otherwise within the statute of frauds.

In *Rutledge* v. *Hoffman, Admr.*, 81 Ohio App. 85, paragraph five of the syllabus states:

"If the promise in a contract which is within the statute of frauds, is fully performed, the performance has the same legal effect as if the statute had been satisfied, and the promise which is not within the statute is enforceable."

The oral agreement in that case was not to sue to set aside a will or certain deeds in return for payment of four thousand dollars. At page 92, in the above cited case, Matthews, P. J., stated:

"In our view, the statute has no application. If it applied originally to the promise of Mary Rutledge, it could have no application, after she had fully performed, to the promise of Annie Hoffman to pay money. On this subject, it is said in Restatement of Law of Contracts, Section 219:

" 'If all promises in a contract which are within the Statute

are fully performed the performance has the same legal operation as if the Statute had been satisfied.'

"And, also, in Section 221, it is stated:

" 'Where a contract consists of one or more promises unenforceable because of the Statute, and one or more promises which are not within it, the latter are unenforceable so long as the former remain unperformed or unenforceable but no longer * * *.' "

By analogy, we cite the recent statement by the Supreme Court of Ohio in *Delfino* v. *Paul Davies Chevrolet, Inc.*, 2 Ohio St. 2d 282, in paragraph four of the syllabus, which states:

"Part performance to be sufficient to remove an agreement from the operation of the statute of conveyances (Section 5301.-01, Revised Code) must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo.*"

We, therefore, conclude that it was error prejudicial to the plaintiff, appellant herein, for the trial court to sustain the demurrer, and the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

Long and Hover, JJ., concur.