**ONEWEST BANK, FSB**

v.

**DORNER et al.**

Court of Common Pleas,
Lucas County.

No. CI09–7477.

Decided Jan. 7, 2011.

64

Matthew J. Richardson and Robert B. Holman, for plaintiff.

Joyce Anagnos, for defendant.

Steven E. Elder, Michelle Polly Murphy, Nicholas D. Donnermeyer, and Andrew P. George, for intervening defendant, CitiMortgage, Inc.

McDonald, Judge.

{¶ 1} This case is before the court upon the motion for summary judgment as to lien priority filed by plaintiff OneWest Bank, FSB against intervening defendant CitiMortgage, Inc. Upon consideration of the pleadings, the evidence, the written arguments of counsel, and the applicable law, I find that the motion for summary judgment should be granted.

**I**

{¶ 2} Defendant Kevin Dorner is the current owner of real estate located at 2026 N. Michigan Street, Toledo, Lucas County, Ohio ("the property").

{¶ 3} On April 5, 2005, Dorner executed a mortgage and note on the property in favor of mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS"). Mortgage Method, L.L.C. was the lender.[1]

{¶ 4} On February 8, 2007, Dorner executed a mortgage and note on the property in favor of mortgagee MERS. Indymac Bank, FSB was the lender.[2]

{¶ 5} On October 13, 2009, OneWest filed its complaint for foreclosure on its mortgage and note against Dorner, unknown spouse (if any) of Dorner, and the city of Toledo, Department of Public Utilities ("the city"). The city filed an answer to the complaint.

{¶ 6} On October 13, 2009, a preliminary judicial report for the property was filed.

{¶ 7} On October 22, 2009, the notice of filing of the final judicial report for the property was filed.

{¶ 8} On November 16, 2009, OneWest filed a motion for default judgment against Dorner and his unknown spouse, if any. This motion was granted.

{¶ 9} On December 18, 2009, CitiMortgage filed a motion to intervene as a party defendant. This motion was granted.

{¶ 10} On January 13, 2010, CitiMortgage filed an answer, cross-claim, and counterclaim. In its cross-claim and counterclaim, CitiMortgage alleges that Dorner is in default under the note and mortgage filed April 11, 2005, that it declared the debt due, and that it is entitled to have the mortgage foreclosed. CitiMortgage further alleges that OneWest and the city may claim an interest in the property. CitiMortgage prays that its mortgage be adjudged a valid first lien on the property, that its mortgage be foreclosed, that the property be sold, and that CitiMortgage be paid out of the proceeds of the sale. OneWest filed a reply to the counterclaim.

{¶ 11} An order of sale for the property was issued on March 5, 2010.

{¶ 12} On March 15, 2010, OneWest filed its motion for summary judgment as to the lien priority between its mortgage and CitiMortgage's alleged mortgage.

---

1. MERS assigned the mortgage to CitiMortgage on December 2, 2009.

2. On November 16, 2009, OneWest filed a notice of filing of assignment of mortgage from MERS to OneWest. The assignment occurred on October 22, 2009.

{¶ 13} On April 20, 2010, CitiMortgage filed its motion to stay the sheriff sale so that the dispute over the priority of liens could be resolved. This motion was granted on May 4, 2010.

{¶ 14} On August 23, 2010, CitiMortgage filed an opposition to OneWest's motion for summary judgment. Thereafter, OneWest filed a reply. The motion is now decisional.

## II

{¶ 15} The general rules governing motions for summary judgment filed pursuant to Civ.R. 56 are well established. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46, the Supreme Court of Ohio stated the requirements that must be met before a motion for summary judgment can be granted:

{¶ 16} "The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

{¶ 17} "The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment."

{¶ 18} A party who claims to be entitled to summary judgment on the ground that a nonmovant cannot prove its case bears the initial burden of (1) specifically identifying the basis of its motion, and (2) identifying those portions of the record that demonstrate the absence of a genuine issue of material fact regarding an essential element of the nonmovant's case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264; see also *Dresher* at 299, 662 N.E.2d 264 (Pfeifer, J., concurring in judgment only). The movant satisfies this burden by calling attention to some competent summary-judgment evidence, of the type listed in Civ.R. 56, affirmatively demonstrating that the nonmovant has no evidence to support his or her claims. *Id.* Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(E), indicating that a genuine issue of material fact exists for trial. *Dresher* at 293. Accord *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 114–115, 526 N.E.2d 798.

{¶ 19} The Sixth District Court of Appeals has consistently held that summary judgment should be granted with caution in order to protect the

nonmoving party's right to trial. As stated by the court in *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 14–15, 13 OBR 8, 467 N.E.2d 1378:

{¶ 20} "We recognize that summary judgment, pursuant to Civ.R. 56, is a salutary procedure in the administration of justice. It is also, however, a procedure which should be used cautiously and with the utmost care so that a litigant's right to a trial, wherein the evidentiary portion of the litigant's case is presented and developed, is not usurped in the presence of conflicting facts and inferences. * * * It is settled law that '[t]he inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, * * * ' which party in the instant case is appellant. * * * It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." (Citations omitted.)

### III

{¶ 21} OneWest contends that it is entitled to summary judgment, as its lien is superior to CitiMortgage's lien. OneWest argues that CitiMortgage's alleged mortgage is invalid because it is not notarized. Moreover, OneWest maintains that its knowledge of the defective mortgage is irrelevant. OneWest cites R.C. 5301.01 and 5301.25, as well as numerous cases, including *Citizens Natl. Bank v. Denison* (1956), 165 Ohio St. 89, 59 O.O. 96, 133 N.E.2d 329, and *Mtg. Elec. Registration Sys. v. Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, 822 N.E.2d 821.

{¶ 22} In opposition, CitiMortgage asserts that its mortgage, which properly described the property, was recorded first, and OneWest had actual or constructive notice of the mortgage. CitiMortgage claims that pursuant to R.C. 5301.23, it is entitled to priority because first in time should be first in right, and its mortgage was recorded almost two years before OneWest's mortgage. CitiMortgage submits that even if there is an error in the acknowledgement clause, this mistake does not void the instrument, as it is subject to reformation pursuant to R.C. 2719.01. CitiMortgage maintains that OneWest would be unjustly enriched if OneWest were allowed to maintain an interest in the property to the exclusion of CitiMortgage.

{¶ 23} In its reply, OneWest observes that R.C. 5301.23 is not applicable, as it applies to only properly executed mortgages. OneWest agrees with CitiMortgage that first in time means first in right, but OneWest notes that this provision applies only to properly executed mortgages, not defective instruments. OneWest offers that Ohio law is clear that when a notary's acknowledgement is defective, the instrument is ineffective against subsequent creditors. OneWest maintains that because its mortgage is properly executed, it takes priority over

the defective mortgage, which was not entitled to be recorded and is not entitled to reformation.

{¶ 24} Before the motion for summary judgment is analyzed, it must be noted that the assignment of the mortgage from MERS to OneWest occurred on October 22, 2009, more than a week after OneWest filed its complaint in the present case. The notice of assignment was filed with the court less than one month later. Thus, the notice was sufficient to alert the court, Dorner, and others that OneWest was the real party in interest. See *Campus Sweater & Sportswear Co. v. M.B. Kahn Constr. Co.* (D.C.S.C.1979), 515 F.Supp. 64, 84–85 (because the assignment took place a year before trial, the defendant was not prejudiced by the assignment, and the assignee was the real party in interest to bring the suit.). Moreover, no party has raised the issue that OneWest is not the real party in interest. See *Wachovia Bank, N.A. v. Cipriano,* 5th Dist. No. 09CA007, 2009-Ohio-5470, 2009 WL 3308733, at ¶ 38 ("Pursuant to Civ.R. 17(A), the real party of interest shall 'prosecute' the claim. The rule does not state 'file' the claim"). See also *LaSalle Bank Natl. Assn. v. Street,* 5th Dist. No. 08 CA 60, 2009-Ohio-1855, 2009 WL 1040300, at ¶ 28. Accordingly, OneWest, as the real party in interest, has legal standing to bring this foreclosure action.

{¶ 25} With respect to the motion for summary judgment, OneWest contends that CitiMortgage's mortgage is defective, yet CitiMortgage maintains that the mortgage should be reformed.

{¶ 26} R.C. 5301.01 provides:

{¶ 27} "(A) A deed, mortgage * * * shall be signed by the grantor, mortgagor * * *. The signing shall be acknowledged by the grantor, mortgagor * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement."

{¶ 28} R.C. 5301.23 provides::

{¶ 29} "(A) All properly executed mortgages shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record. * * *

{¶ 30} "(B) A mortgage that is presented for record shall contain the then current mailing address of the mortgagee. The omission of this address or the inclusion of an incorrect address shall not affect the validity of the instrument or render it ineffective for purposes of constructive notice."

{¶ 31} In *Citizens Natl. Bank v. Denison,* 165 Ohio St. at 95, 59 O.O. 96, 133 N.E.2d 329, the Ohio Supreme Court held that when the acknowledgment or execution of a deed is defective, the deed is ineffective as against subsequent

creditors, but the deed "is valid as between the parties thereto, in the absence of fraud." Moreover, a defectively executed mortgage is invalid as to a subsequent lienholder, even if the subsequent lienholder had actual knowledge of the prior, defectively executed mortgage. *Odita*, 159 Ohio App.3d 1, 2004-Ohio-5546, 822 N.E.2d 821, at ¶ 15.

{¶ 32} R.C. 2719.01 states: "When there is an omission, defect, or error in an instrument in writing or in a proceeding by reason of the inadvertence of an officer, or of a party, person, or body corporate, so that it is not in strict conformity with the laws of this state, the courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

{¶ 33} Reformation of an instrument is an equitable remedy wherein a court modifies the instrument that, due to mutual mistake on the part of the original parties to the instrument, does not express the real intention of those parties. *Greenfield v. Aetna Cas. & Sur. Co.* (1944), 75 Ohio App. 122, 128, 30 O.O. 427, 61 N.E.2d 226. However, a defectively executed instrument, not acknowledged, cannot be reformed. *Delfino v. Paul Davies Chevrolet, Inc.* (1965), 2 Ohio St.2d 282, 31 O.O.2d 557, 209 N.E.2d 194, paragraphs two and three of the syllabus ("The curative effect of Section 2719.01, Revised Code, operates to validate instruments in relation to technical defects of content. It does not validate a lease which does not comply with the mandatory requirements of the statute of conveyances (Section 5301.01, Revised Code) as to execution. Where * * * [R.C. 5301.01] requires certain formalities for the execution of an instrument, reformation cannot be granted to supply these formalities.")

{¶ 34} Applying these principles to the present case, the CitiMortgage mortgage was defectively executed in that Dorner's signature was not acknowledged by a notary public as required by R.C. 5301.01. Moreover, this defect cannot be cured by reformation. Thus, CitiMortgage's defectively executed mortgage cannot take priority over a subsequent, valid, recorded mortgage. The record shows that OneWest's subsequent mortgage was properly executed, valid, and recorded. Accordingly, OneWest's mortgage is entitled to priority over CitiMortgage's defective mortgage.

### JUDGMENT ENTRY

{¶ 35} The court finds that there are no genuine issues of material fact and that plaintiff OneWest Bank, FSB is entitled to summary judgment as to lien priority against intervening defendant CitiMortgage, Inc. as a matter of law. It is ordered that plaintiff OneWest Bank, FSB have summary judgment against intervening defendant CitiMortgage, Inc. as to lien priority. It is further ordered

that plaintiff OneWest Bank, FSB's mortgage is entitled to priority over the defective mortgage of intervening defendant CitiMortgage, Inc.

So ordered.