[Cite as *Advantage Bank v. Bodo*, 2012-Ohio-2911.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADVANTAGE BANK | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | Case No. 2011CA00249 |
| KELLY BODO, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Stark County Court of
Common Pleas, Case No. 2010CV04334


JUDGMENT:  AFFIRMED


DATE OF JUDGMENT ENTRY:  June 22, 2012


APPEARANCES:

For Appellants:

DAVID A. VAN GAASBEEK
1303 West Maple Street
Suite 104
North Canton, OH 44720

For Appellee:

AMELIA A. BOWER
DAVID VAN SLYKE
300 East Broad Street, Suite 590
Columbus, OH 43215


*Delaney, P.J.*

{¶1} Defendants-Appellants Kelly Bodo and Steven Bodo appeal the October 12, 2011 and October 26, 2011 judgment entries of the Stark County Court of Common Pleas. Plaintiff-Appellee is Advantage Bank.

### FACTS AND PROCEDURAL HISTORY

{¶2} On August 29, 2003, the Bodos executed and delivered a mortgage in the amount of $208,000 to Camco Mortgage Corporation in order to secure the note on the Bodos' property located at 12418 Stover Farm Dr., Canal Fulton, Ohio, 44614.

{¶3} The Mortgage was recorded on August 29, 2003. The legal description in the Mortgage reads:

> SITUATED IN THE TOWNSHIP OF LAWRENCE IN THE VILLAGE OF CANAL FULTON, COUNTY OF STARK AND STATE OF OHIO; AND KNOWN AS AND BEING LOT NO. 24 OF THE RESERVE AT LOCK 4, SOUTH, AS RECORDED IN PLAT BOOK 65, PAGE 102 OF STARK COUNTY RECORDS.
>
> which currently has the address of
>
> STOVER FARM DR, CANAL FULTON, OH 44614.

{¶4} The Deed was also recorded on August 29, 2003. The description of the land in the vesting deed states:

> Situated in the Township of Lawrence, County of Stark and State of Ohio being Lot Number 24 in the Reserve at Lock 4 South, filed in Plat Book 65 Pages 87, 88, 89 and 90 of Stark County, Ohio Records.

{¶5} Advantage Bank became the holder of the Note and the Mortgage through assignment. The Bodos failed to make monthly payments under the terms of the Mortgage, thereby defaulting under the terms of the Note and the Mortgage.

{¶6} On November 10, 2010, Advantage Bank filed a complaint in foreclosure against the Bodos. The complaint also named Huntington National Bank as a defendant. In Count Three of the complaint, Advantage Bank stated that due to an inadvertent mistake, mutual mistake, and scrivener's error, the Mortgage contained an incomplete and incorrect legal description:

[i]n line 1, "in the village of Canal Fulton" should be removed. In line 2, "and known as" should be removed. In line 2, "of the Reserve" should be ["]in the Reserve." In line 3, "as recorded" should be "filed". In line 3, "Page 102 of Stark County Records" should be "Page 87, 88, 89 and 90 of the Stark County, Ohio Plat Records." In the property address line, "Stover Farm Drive" should be "12418 Stover Farm Drive NW".

Advantage Bank stated it was entitled to have the Mortgage reformed to include the correct legal description. The Bodos filed an answer to the complaint. In their answer, the Bodos raised the affirmative defense of Advantage Bank's failure to name the Stark County Treasurer as a necessary and indispensable party pursuant to Civ.R. 19.

{¶7} Advantage Bank filed a motion for summary judgment on February 9, 2011. Relevant to this appeal, Advantage Bank argued there was no genuine issue of material fact it was entitled to judgment on the issue of reformation. The Bodos filed a cross motion for summary judgment on February 14, 2011. In their motion for summary judgment, the Bodos argued the legal description in the Mortgage was

defective and Advantage Bank failed to name the Stark County Treasurer as a party. On May 31, 2011, the Bodos reopened their bankruptcy action and the common pleas foreclosure action was stayed. The automatic stay was terminated on September 19, 2011.

{¶8} Advantage Bank filed a response to the Bodos' motion for summary judgment and a reply to its motion for summary judgment. The Bodos also filed a reply to their motion for summary judgment.

{¶9} On October 12, 2011, the trial court granted the motion for summary judgment of Advantage Bank and denied the Bodos' motion for summary judgment.

{¶10} Advantage Bank filed a proposed Decree of Foreclosure, which the trial court granted on October 26, 2011. The Decree of Foreclosure reformed the Mortgage to reflect the correct and complete legal description of the property. The Decree of Foreclosure also found the Stark County Treasurer had or might have an interest in the property to be ascertained at the time of the sale of the property. The Decree granted the Stark County Treasurer the first and best lien on the property with the taxes and assessments due and owing on the property to be paid after the Sheriff's sale.

{¶11} It is from these judgments the Bodos now appeal.

### ASSIGNMENTS OF ERROR

{¶12} The Bodos raise two Assignments of Error:

{¶13} "I. THE TRIAL COURT ERRED BY SUSTAINING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE APPELLEE CANNOT OBTAIN A FORECLOSURE ON A MORTGAGE THAT IS DEFECTIVE AND CANNOT INCLUDE

A CAUSE OF ACTION IN ITS FORECLOSURE SEEKING REFORMATION OF THE INSTRUMENT THAT IS THE SUBJECT OF THE FORECLOSURE.

{¶14} "II. THE TRIAL COURT ERRED IN THAT IT GRANTED SUMMARY JUDGMENT TO APPELLEE EVEN THOUGH IT FAILED TO INCLUDE A NECESSARY AND INDISPENSABLE PARTY AS REQUIRED BY OHIO CIVIL RULE 19."

## ANALYSIS

### *STANDARD OF REVIEW*

{¶15} We review a summary judgment de novo and without deference to the trial court's determination. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard of review as the trial court and conducts an independent review, without deference to the trial court's determination. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Westbrook v. Swiatek*, 5th Dist. No. 09CAE09–0083, 2011-Ohio-781, ¶ 43.

{¶16} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

{¶17} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material

element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

### *REFORMATION*

{¶18} In their appeal, the Bodos assert Advantage Bank's claim for foreclosure fails for three reasons: (1) Advantage Bank cannot bring its claim for reformation in a foreclosure action; (2) Advantage Bank is not entitled to judgment as a matter of law on its claim for reformation because it failed to present sufficient Civ.R. 56 evidence on the issue; and (3) Advantage Bank has failed to encumber the property because the legal description in the Mortgage is defective.

{¶19} The three arguments are interrelated, but raise different legal theories. The Bodos' first and second arguments go to the equitable remedy of reformation. The third argument implicates reformation, but raises a separate theory of law as to the sufficiency of the legal description in the Mortgage. We will first address reformation.

{¶20} Reformation is available where it is shown by clear and convincing evidence that a written instrument does not express the true agreement entered into between the contracting parties because of a mutual mistake. *Wagner v. Natl. Fire Ins. Co.*, 132 Ohio St. 405, 412, 8 N.E.2d 144 (1937); *Dornbirer v. Conrad*, 5th Dist. No. 99-CA-26, 2000 WL 1751264 (Nov. 20, 2000). The equitable remedy of reformation is available in order to make the writing conform to the real intention of the

parties. *Id.* In *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 286, 209 N.E.2d 194 (1965), the Ohio Supreme Court stated the following:

> The purpose of reformation is to cause an instrument to express the intent of the parties as to the contents thereof, i.e., to establish the actual agreement of the parties. 47 Ohio Jurisprudence 2d 120, Reformation of Instruments, Section 2. * * * A reformation presupposes the existence of a valid instrument which fails to express the actual intent of the parties. An action for reformation is not to create an obligation but to establish the content of the instrument as intended by the parties.

The party alleging mutual mistake has the burden of proving its existence by clear and convincing evidence. *Dornbirer, supra.*

{¶21} The Bodos first argue that a claim for reformation cannot be brought in a foreclosure action. The logic is that a defective mortgage must first be reformed in order for the mortgagee to be entitled to bring its claim in foreclosure. In review of this argument, we find no cited authority in the Bodos' appellate brief to support the theory that a claim for reformation cannot be raised in a foreclosure action.

{¶22} We next address the argument that Advantage Bank failed to establish reformation because it did not meet its burden to demonstrate mutual mistake by clear and convincing evidence. We disagree.

{¶23} The purpose of reformation is to cause an instrument to express the actual intent of the parties to the agreement. Advantage Bank moved for reformation to correct the legal description of the property in the Mortgage to reflect the intention of the parties to encumber 12418 Stover Farm Drive NW with the Mortgage.

{¶24} Reviewing the motions for summary judgment in a light most favorable to the non-moving parties, we find there is no genuine issue of material fact there was a mutual mistake by the parties as to the legal description of the property to be encumbered by the Mortgage. There is no factual dispute that on August 29, 2003, the Bodos entered into the Advantage Bank Mortgage for $208,000 to secure the Bodos' property located on Stover Farm Drive. In the Bodos' bankruptcy action, the Bodos claimed the Advantage Bank Mortgage as encumbering their home located on Stover Farm Drive. The Bodos have made no claim they did not enter into the Advantage Bank Mortgage for their property located at Stover Farm Drive. The Bodos have made no claim that Advantage Bank erroneously foreclosed upon the Mortgage, based on the incorrect legal description in the Mortgage or otherwise.

{¶25} In *Key Bank Natl. Assoc. v. Bolin*, 5th Dist. No. 2010CA00285, 2011-Ohio-4532, this Court applied the equitable remedy of reformation to a mortgage where due to mutual mistake, scrivener's error, and excusable neglect, the mortgage contained an incorrect legal description as to the security interest in the property. *Id.* at ¶ 27. We affirmed the trial court's decision to grant summary judgment in favor of the mortgagee to reform the mortgage to reflect that the mortgagor held a leasehold interest in the property, not a fee simple interest as was stated in the legal description. *Id.* The mortgagor acknowledged she had only a leasehold interest in the property. The trial court held, "[a] party cannot mortgage more than they own. To suggest that the defendants Bolin intended to mortgage a fee simple interest is to impute to them something beyond an understandable mistake. Plaintiff has not suggested otherwise

nor is there any other evidence before the court indicating anything except a simple mistake." *Id.*

{¶26} In our affirmance in *Bolin*, we held there was no genuine issue of material fact there was a mutual mistake of the parties. There was no contradiction between the mortgagee and the mortgagor that the mortgagor held only a leasehold interest in the property. Reformation in *Bolin* was appropriate because it remedied an error in the mortgage documents to reflect the actual terms of the parties' interests.

{¶27} We find the analysis of *Bolin* to be applicable to the present case. There is no factual dispute that Advantage Bank and the Bodos intended to enter into a Mortgage to secure the Note on the Bodos' property located at 12418 Stover Farm Drive NW. The reformation of the Mortgage to correct the legal description of the property causes the Mortgage to conform to the real intention of the parties to the agreement. We find that reasonable minds could not conclude otherwise.

*SUFFICIENCY OF THE LEGAL DESCRIPTION IN A MORTGAGE*

{¶28} The Bodos also argue the mortgage in this case cannot encumber the property because it contains an insufficient legal description to give Advantage Bank a present interest in the property.

{¶29} Based on our determination as to reformation, we find it unnecessary to reach this argument.

{¶30} Accordingly, we overrule the first Assignment of Error.

*INCLUSION OF THE STARK COUNTY TREASURER AS A PARTY*

{¶31} The Bodos argue in their second assignment of error the trial court erred in granting summary judgment in favor of Advantage Bank because Advantage Bank failed to include the Stark County Treasurer as a party. We disagree.

{¶32} Advantage Bank did not name the Stark County Treasurer as a defendant in their complaint in foreclosure. In their answer, the Bodos raised as an affirmative defense Advantage Bank's failure to join all parties. The Bodos argued in the motion for summary judgment that the complaint in foreclosure against the Bodos must fail because Advantage Bank failed to name the Stark County Treasurer as a defendant. The parties have not referred to any Civ.R. 56 evidence to show there are delinquent Stark County taxes or assessments on the property.

{¶33} On October 26, 2011, the Decree in Foreclosure found the Stark County Treasurer has or may have an interest in the real estate and its interest is the first and best lien on the real estate. After the sale of the property, the Stark County Sheriff was ordered to pay to the Stark County Treasurer the due and owing taxes and assessments.

{¶34} The Bodos argue the Stark County Treasurer is a necessary and indispensable party to the foreclosure action as established by Civ.R. 19. Civ.R. 19 states:

(A) Persons to be joined if feasible

A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest

relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7). If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. In the event that such joinder causes the relief sought to exceed the jurisdiction of the court, the court shall certify the proceedings in the action to the court of common pleas.

{¶35} In this case, we find the Decree of Foreclosure protects the interest, if any, of the Stark County Treasurer. There is no argument other than the recitation of Civ.R. 19 to show that the Stark County Treasurer is a necessary and indispensable party to this action.

{¶36} The second Assignment of Error is overruled.

**CONCLUSION**

{¶37} Upon this Court's de novo review of the motions for summary judgment, we affirm the judgment of the Stark County Court of Common Pleas to find that reasonable minds can only conclude Advantage Bank is entitled to judgment as a matter of law. The first and second Assignments of Error are overruled.

{¶38} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Wise, J. and

Edwards, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ADVANTAGE BANK | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| -vs- | : | |
| KELLY BODO, et al. | : | Case No. 2011CA00249 |

                                   :
        Defendants-Appellants      :
                                   :


        For the reasons stated in our accompanying Opinion on file, the judgment of the

Stark County Court of Common Pleas is affirmed.  Costs assessed to appellants.



                                    _____
                                    HON. PATRICIA A. DELANEY



                                    _____
                                    HON. JOHN W. WISE



                                    _____
                                    HON. JULIE A. EDWARDS