[Cite as *Quinlan v. Lienesch*, 2013-Ohio-2288.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| JASON QUINLAN, | : | APPEAL NO. C-120716 |
| | | TRIAL NO. 12CV-04997 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| CHRISTIE LIENESCH | : | |
| and | : | |
| MATTHEW MOTZ, | : | |
| Defendants-Appellants. | : | |


Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
　　　　　　　　　　　　　　Remanded

Date of Judgment Entry on Appeal:  June 5, 2013


*Repper, Pagan, Cook, Ltd.,* and *Christopher J. Pagan* for Plaintiff-Appellee,

*Thompson Hine, LLP,* and *Christine M. Cooper* for Defendants-Appellants.


**Please note:  this case has been removed from the accelerated calendar..**

**HILDEBRANDT**, **Judge.**

{¶1}   Defendants-appellants Christie Lienesch and Matthew Motz appeal from the trial court's judgment in favor of their former landlord, plaintiff-appellee Jason Quinlan. We affirm in part, reverse in part and remand this cause for further proceedings.

## Facts

{¶2}   In April 2011, Lienesch and Motz signed a written agreement with Quinlan entitled "Agreement to Lease," and immediately moved into the apartment that was the subject of the lease.  In October 2011, Lienesch and Motz purchased a home.  They sent Quinlan an email informing him of their desire to move out of the apartment and stating, in pertinent part, that "[w]e realize that we signed an agreement with you through April [2012], but wondering if you would let us out of it early." Quinlan responded that he intended to enforce the 11-month lease.  Lienesch and Motz paid the November 2011 rent, then moved out of the apartment and paid no further rent.

{¶3}   Quinlan, who was living in New Orleans at the time, made two trips to Cincinnati in connection with reletting the apartment.  He applied Lienesch's and Motz's $1100 security deposit to the December rent, and eventually found new renters who began renting the apartment in mid-January 2012.

{¶4}   Quinlan subsequently sued Lienesch and Motz in small claims court for breach of lease.  By way of damages, Quinlan moved the court to award him two weeks of lost rent, a cleaning fee, and his travel expenses related to reletting the property. Quinlan also moved for attorney fees.  Lienesch and Motz counterclaimed for the return of their $1100 security deposit and a $150 pet fee, and also moved for attorney fees.

Lienesch and Motz claimed that the terms of their written agreement with Quinlan did not constitute an 11-month lease, but was instead only a promise to enter a future lease. Lienesch and Motz contended that they had been renting on a month-to-month basis, only, and that they had given Quinlan proper notice of their intent to vacate the apartment.

{¶5}  Following trial, a magistrate ruled in favor of Quinlan, holding that the parties had intended to enter an 11-month lease, despite language to the contrary in their written agreement.  The magistrate awarded Quinlan two weeks of January rent, travel expenses and attorney fees, less the $150 pet deposit for a total of $1330.65 in damages.  Lienesch and Motz filed objections to the magistrate's decision.  The trial court overruled their objections and adopted the magistrate's decision in full.  This appeal followed.

### Reformation of the Lease

{¶6}  In their first assignment of error, Lienesch and Motz argue that the trial court erred in finding that they had entered an 11-month lease with Quinlan and that they had breached the lease.

{¶7}  We review a trial court's ruling on objections to a magistrate's decision for an abuse-of-discretion. *In re Estate of Knowlton*, 1st Dist. No. C-050728, 2006-Ohio-4905, ¶ 43.  Here, the trial court did not abuse its discretion when it, in essence, reformed the parties' written agreement and held that the actions of the parties demonstrated that they had intended to enter an 11-month lease.

{¶8}  The doctrine of reformation allows a trial court to "reform" a written instrument to properly express the intent of the parties. *Delfino v. Paul Davies Chevrolet, Inc.,* 2 Ohio St.2d 282, 286, 209 N.E.2d 194 (1965).  Contract reformation

"is appropriate where the written agreement does not accurately reflect the true understanding of the parties, and it is used to effectuate their true intent." *Greenfield v. Aetna Cas. & Sur. Co.*, 75 Ohio App. 122, 61 N.E.2d 226 (12th Dist.1944).

{¶9} Here, the parties' written agreement reflected that Lienesch and Motz had not entered an 11-month lease with Quinlan, but rather had only promised to enter an 11-month lease of the apartment. The trial court found, however, that Quinlan, Lienesch, and Motz all proceeded as if their written agreement was for a lease from April 2011 to April 2012. This was evidenced by the fact that the written agreement stated that the "future" lease was to begin in April 2011, and Lienesch and Motz moved into the apartment in April 2011 without executing another document. Further, Motz admitted to Quinlan in an email that he and Lienesch had agreed to lease the apartment until April 2012. Finally, Motz testified during trial that, when they signed the agreement, he and Lienesch had intended to stay in the apartment for 11 months.

{¶10} Based on this evidence, the trial court did not act unreasonably, arbitrarily, or unconscionably in adopting the magistrate's decision reforming the parties' written agreement, and in holding that Lienesch and Motz had agreed to lease the apartment from April 2011 to April 2012. Nor did the trial court abuse its discretion in ruling that Lienesch and Motz had breached their lease when they moved out of the apartment in November 2011 and stopped paying rent. We overrule the first assignment of error.

### Attorney Fees and Consequential Damages

{¶11} In their second assignment of error, Lienesch and Motz contend that the trial court erred in adopting the magistrate's decision in regard to the award of attorney fees and Quinlan's travel expenses. They are correct.

{¶12} In this case, there was a provision in the parties' lease agreement allowing for the award of attorney fees to the prevailing party in the event of a legal dispute. This was the basis for the trial court's award. The provision, however, was unenforceable as a matter of law. R.C. 5321.13(C) states that "[n]o agreement to pay the landlord's or tenant's attorney's fees shall be recognized in any rental agreement for residential premises or in any other agreement between a landlord and tenant." The trial court therefore erred in awarding Quinlan $500 in attorney fees.

{¶13} The trial court also erred when it awarded Quinlan $400 in travel expenses. Unless otherwise provided for by statute, general contract principles govern the award of damages in a breach of lease action. *See* R.C. 5321.12; *Kostoglou v. Midkiff Ent., Inc.*, 7th Dist. No. 01 C.A. 23, 2001 Ohio App. Lexis 5143, *13 (Nov. 6, 2001); *Allen v. Lee*, 43 Ohio App.3d 31, 33, 538 N.E.2d 1073 (8th Dist.1987). Here, Quinlan testified that he was required to make two trips to Cincinnati from New Orleans in connection with reletting the apartment following Lienesch's and Motz's breach, and that his cost for these trips was $400. Based on this evidence, the trial court awarded Quinlan $400 in consequential damages. This court has held that consequential damages are limited to those damages that are "certain, foreseeable, and within the contemplation of the parties at the time of the contract." *Peterman v. Dimoski*, 1st Dist. No. C-020116, 2002-Ohio-7337, ¶ 13. In this case, there was no evidence that Quinlan's travel expenses were "certain, foreseeable, and within the contemplation of the parties" at the time that Quinlan, Lienesch, and Motz signed the lease agreement. In fact, at the time that the parties entered the contract in April 2011, Quinlan was living in Cincinnati in the apartment below Lienesch and Motz. We

5

therefore hold that the trial court erred when it adopted the magistrate's decision awarding Quinlan $400 in travel expenses.

{¶14}   Lienesch's and Motz's second assignment of error is sustained.

## Remaining Argument is Moot

{¶15}   In their third assignment of error, Lienesch and Motz argue that the trial court abused its discretion when it did not enter judgment in their favor on their counterclaim.   This argument is premised on the assumption that Lienesch and Motz were on a month-to-month tenancy, and that they had properly terminated their lease. Our resolution of the first assignment of error renders this one moot and we therefore decline to address it.   *See* App.R. 12(C)(1)(a).

## Conclusion

{¶16}   In sum, we vacate the trial court's award of $500 in attorney fees and $400 in travel expenses to Quinlan.   This cause is remanded to the trial court to enter judgment accordingly.   In all other respects, the judgment appealed from is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.