[Cite as *900 Timbers Dr. Invest., L.L.C. v. Li*, 2020-Ohio-1473.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| 9900 TIMBERS DR. INVESTMENT LLC, | : | APPEAL NO. C-190224 |
|  |  | TRIAL NO. 18CV-18505 |
|  | : |  |
| Plaintiff-Appellee, |  |  |
|  | : | *O P I N I O N.* |
| vs. |  |  |
|  | : |  |
| NAN LI, |  |  |
|  | : |  |
| Defendant-Appellant. |  |  |

Civil Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: April 15, 2020

*Geoffrey A. Modderman*, for Plaintiff-Appellee,

*David D. Donnett*, for Defendant-Appellant.

**MYERS, Judge.**

{¶1}    In this eviction action, defendant-appellant Nan Li appeals the trial court's judgment granting partial summary judgment in favor of the landlord, plaintiff-appellee 9900 Timbers Dr. Investment LLC ("TDI"), and issuing a writ of restitution of the leased premises.  Because no genuine issue of material fact remained on TDI's entitlement to the writ, we affirm the trial court's judgment.

## I.   Facts and Procedural History

{¶2}    Munan Investment LLC ("Munan") owned a residence at 9900 Timbers Drive.  Li, an officer of Munan, leased the premises on behalf of Munan to herself individually.  The written lease provided for a 60-month term, commencing August 1, 2017, and provided that Li was to pay monthly rent of $10.

{¶3}    Munan sold the property to TDI in November 2017, and transferred title to the property to TDI in December 2017.  On June 19, 2018, TDI served Li with a 30-day notice terminating her month-to-month tenancy effective July 31, 2018, because, as discussed below, TDI believed that the lease was defectively executed, thereby converting it to a month-to-month tenancy.  Li failed to vacate the premises, and on August 1, 2018, TDI served her with a notice to vacate the premises within three days.

{¶4}    On August 7, 2018, TDI filed this eviction action, asserting claims for forcible entry and detainer and for monetary relief.  Li filed an answer and a counterclaim.

{¶5}    TDI moved for partial summary judgment as to its forcible-entry-and-detainer claim on the ground that the lease's failure to comply with the statute of conveyances created a month-to-month tenancy, which was properly terminated by

TDI. Li opposed the motion, arguing that her prepayment of rent through August 2019 created a rental period through that time, such that the doctrine of part performance applied to remove the lease from the operation of the statute. The trial court granted partial summary judgment in favor of TDI on its forcible-entry-and-detainer claim and issued a writ of restitution. The court stayed its judgment pending this appeal.

## II.  Our Jurisdiction

{¶6}  Although the damages claim by TDI and Li's counterclaim remain unresolved, the trial court's issuance of a writ of restitution is a final, appealable order. *See Dixon v. Anderson*, 1st Dist. Hamilton No. C-170418, 2018-Ohio-2312, ¶ 4. Therefore, we have jurisdiction over this appeal.

## III. Summary Judgment

{¶7}  In two related assignments of error, Li argues that the trial court erred by granting partial summary judgment in favor of TDI. We review a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there is no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶8}  "Where the moving party has produced sufficient supportive evidence on a summary judgment motion, the opposing party may not rest upon mere allegations in the pleadings but must respond with affidavits or other appropriate

3

materials to show that there is a genuine issue of fact for trial." *Id.* at 590. If the nonmoving party does not so respond, then summary judgment, if appropriate, may be entered against the nonmoving party. Civ.R. 56(E).

## IV. Three-Day Notice to Vacate

{¶9} In her first assignment of error, Li argues that the trial court erred by entering partial summary judgment in favor of TDI because the three-day notice to vacate issued by TDI was invalid due to the prior owner's acceptance of future rent. However, she did not raise this argument in the trial court, so she has waived her right to assert it on appeal. *See State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). We overrule the first assignment of error.

## V. Statute of Conveyances

{¶10} In her second assignment of error, Li argues that the trial court erred by granting partial summary judgment in favor of TDI upon its finding that the lease was invalid under R.C. 5301.01, the statute of conveyances, resulting in a month-to-month tenancy that was properly terminated by TDI. She asserts that the doctrine of part performance applied to remove the lease from the operation of the statute.

{¶11} R.C. 5301.01 "is mandatory in nature and sets forth clearly the legal requisites necessary to create a valid lease." *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282, 284, 209 N.E.2d 194 (1965). The statute provides in relevant part:

> A * * * lease of any interest in real property * * * shall be signed by the * * * lessor in the case of a * * * lease * * *. The signing shall be acknowledged by the * * * lessor * * * before a judge or clerk of a court of record in this state, or a county auditor, county engineer, notary

public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.

R.C. 5301.01. Leases for any term not exceeding three years are exempt from the statute. *See* R.C. 5301.08.

{¶12} "[A] defectively executed lease is invalid and does not operate to convey the estate or create the term of leasehold sought to be created thereby." *Delfino* at 284. "A defectively executed lease for a term of five years upon monthly rental creates a tenancy in the lessee from month to month[.]" *Id.* at paragraph one of the syllabus.

{¶13} In this case, it is undisputed that the lease agreement did not comply with the execution requirements of R.C. 5301.01 because it contained no certification by a notary public or other specified official. Therefore, the trial court properly held that the defectively executed lease resulted in a month-to-month tenancy. *See id.*; *Burger v. Buck*, 11th Dist. Portage No. 2008-P-0041, 2008-Ohio-6061, ¶ 41.

{¶14} In support of its motion for partial summary judgment, TDI presented an affidavit by its manager that she had served Li with a 30-day notice to terminate the tenancy in accordance with R.C. 5321.17 and that she had served Li with the three-day notice to vacate required by R.C. 1923.04 before filing the eviction action. TDI thus discharged its initial burden to identify the absence of genuine issues of material fact on the essential elements of its forcible-entry-and-detainer claim and triggered Li's reciprocal burden under Civ.R. 56(E). *See* R.C. 1923.02; *Hidden Meadows Townhomes v. Ross,* 1st Dist. Hamilton No. C-120045, 2012-Ohio-6017, ¶ 34.

{¶15}   In response to TDI's summary-judgment motion, Li asserted that the lease was still enforceable under the doctrine of part performance because she prepaid rent for the first 24 months of the 60-month lease period.  Part performance may remove a defective lease from the operation of R.C. 5301.01 "where it would be inequitable to permit the statute to operate and where the acts done sufficiently establish the alleged agreement to provide a safeguard against fraud in lieu of the statutory requirements."  *Delfino*, 2 Ohio St.2d at 287, 209 N.E.2d 194.

{¶16}    In support of her assertion that she prepaid the rent, Li provided only an unsworn statement by Munan's sole member, Zhaohui Zhang.  The statement was not the type of evidence that can be considered under Civ.R. 56(C).  *See State ex rel. The V Cos. v. Marshall*, 81 Ohio St.3d 467, 473, 692 N.E.2d 198 (1998); *Firor v. Lydon*, 2018-Ohio-1662, 110 N.E.3d 1021, ¶ 49 (1st Dist.); *Tyra v. Tyra*, 1st Dist. Hamilton No. C-140211, 2014-Ohio-5732, ¶ 14.   Therefore, the court could not consider the statement as evidence that Li had prepaid her rent in part performance sufficient to remove the lease from the operation of R.C. 5301.01.

{¶17} Because Li failed to discharge her reciprocal burden to set forth specific facts under Civ.R. 56(E) to counter TDI's supported claim that no genuine issue of fact remained for trial, the trial court properly granted partial summary judgment in favor of TDI on its forcible-entry-and-detainer claim.  Therefore, we overrule the second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**MOCK, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.