[Cite as *Tyra v. Tyra*, 2014-Ohio-5732.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NUGENT TYRA, | : | APPEAL NO. C-140211 |
| | | TRIAL NO. DR-1101775 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| JULIE TYRA, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From:   Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is:   Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 26, 2014

*The Farrish Law Firm* and *Kathy C. King,* for Plaintiff-Appellee,

*Rollman & Handorf, LLC*, and *Jeffrey M. Rollman,* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}   In three assignments of error, defendant-appellant Julie Tyra (hereafter, "Mrs. Tyra") appeals the trial court's decree of divorce entered in this case.  In the proceeding below, a trial was conducted wherein affidavits completely replaced direct testimony. We conclude that the procedures employed seriously affected the basic fairness and the legitimacy of the judicial process, and by so doing amounted to plain error.  As a result, we reverse the judgment of the trial court.

### Protracted Litigation Concludes in Limited Property Trial

{¶2}   Mrs. Tyra and Nugent Tyra (hereafter, "Mr. Tyra") were married on November 30, 2002.  The couple had three children, who have lived primarily with Mrs. Tyra since the couple separated in 2011.  By the time the parties reached the final pretrial hearing on February 12, 2013, only issues relating to the property division remained pending.  Also, by the time of the final pretrial hearing, Mrs. Tyra was proceeding pro se.

{¶3}   At the pretrial hearing, the magistrate informed the parties that each side would have 90 minutes to present evidence.  At that point, counsel for Mr. Tyra suggested that the parties be allowed to submit their initial round of direct examination by way of affidavit to "speed things up."   Mrs. Tyra did not object at the time.

{¶4}   Mrs. Tyra did object to the procedure prior to the commencement of trial, and asked, "How am I supposed to cross examine a piece of paper."   The magistrate replied that she had the witness in front of her.

{¶5}    Mr. Tyra's entire case-in-chief consisted of his stating his name and address and his authentication of an affidavit drafted by his attorney.  The affidavit

was provided for the first time to Mrs. Tyra at the hearing, and she was permitted just five minutes to review the ten-page document. Mrs. Tyra was then afforded less than one hour to cross-examine Mr. Tyra about the lengthy and unfamiliar document.

{¶6} There was no indication at the hearing that Mr. Tyra had prepared the document. His attorney asked him only if he "had read" the document. And a review of its contents makes abundantly clear that it was written by a lawyer, not by Mr. Tyra.

{¶7} At the conclusion of the hearing, the magistrate took the matter under submission and later issued a decision. While both parties filed objections to the decision of the magistrate, Mrs. Tyra did not object to the use of Mr. Tyra's affidavit at the hearing. After ruling on the objections, the trial court issued a decree of divorce.

## Admission of Affidavit Testimony
## was Plain Error

{¶8} In her first assignment of error, Mrs. Tyra claims that it was plain error for the trial court to admit Mr. Tyra's affidavit at the final hearing on the property division. Specifically, she contends that the affidavit constituted inadmissible hearsay. We agree.

{¶9} "Hearsay" is a statement offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Under this definition, it is clear that Mr. Tyra's affidavit, admitted at the hearing as his initial direct examination, constituted hearsay. The question that remains, therefore, is whether its admission rose to the level of plain error.

**{¶10}** Generally speaking, the failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal. *See Gallagher v. Cleveland Browns Football Co.*, 74 Ohio St.3d 427, 436-437, 659 N.E.2d 1232 (1996). In 1997, the Supreme Court of Ohio recognized the limited possibility for plain error in the civil context, but the court cautioned that

> the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099 (1997).

**{¶11}** Despite this undeniably stringent standard, Mrs. Tyra is entitled to appellate review in this case. As the dissent acknowledges, the admission of the affidavit patently violated the hearsay rule. Moreover, the wholesale admission of what was unquestionably inadmissible evidence *did* impugn the fairness, integrity, and public reputation of the judicial process. The trial court, in permitting the witness simply to ratify the contents of an affidavit that had been prepared before trial, abdicated its function of ensuring that only competent evidence be admitted.

**{¶12}** But the violence done to the fundamental rules of trial procedure did not stop there. Admission of the affidavit also violated Mrs. Tyra's right to meaningful cross-examination. As an even cursory review of the transcript of the "proceeding" demonstrates, it is nearly impossible to cross-examine a witness about a document with which the examiner is unfamiliar, especially when the witness did

not even prepare the document. And, of course, the rule about "leading" a witness is jettisoned when the attorney drafts the witness's testimony.

{¶13} In the context of motion proceedings, courts have often condemned the use of competing affidavits to decide cases on their merits. *See, e.g., Wiley v. Cleveland,* 8th Dist. Cuyahoga No. 62543, 1993 Ohio App. LEXIS 2628 (May 20, 1993) (trial court's attempt to conduct trial by affidavit in summary-judgment proceedings called "unacceptable"); *Gluck Ins. Agency v. Schuler,* 7th Dist. Mahoning No. 90 C.A. 110, 1991 Ohio App. LEXIS 3240 (July 3, 1991) (trial court should not conduct a "little trial" by affidavits in deciding a summary-judgment motion); *O'Hearn v. Riegert,* 12th Dist. Butler No. CA86-01-005, 1986 Ohio App. LEXIS 9222 (Nov. 24, 1986) (questioning the trial court's ability to weigh conflicting affidavits in Civ.R. 60(B) proceedings). The courts in these cases have explicitly recognized the inherent deficiencies in the use of affidavits to resolve issues of credibility.

{¶14} To make matters worse, Mr. Tyra's affidavit failed even to comport with the standards for admission of an affidavit in those instances where affidavits *are* properly considered. Rather, it violated the most basic requirement for an affidavit: it failed to state that it was made based on the personal knowledge of the affiant. *See* Civ.R. 56(E); *First Place Bank v. Adkins*, 6th Dist. Lucas No. L-12-1095, 2012-Ohio-5987, ¶ 13.

{¶15} The dissent notes that it can find no authority for the proposition that the admission of an affidavit as evidence in a trial setting, during which the affiant is present and subject to cross-examination, would amount to plain error. But this absence of authority should not be construed as approval of the procedure. Rather, it is almost certainly the novelty of the magistrate's approach that accounts for the

dearth of analogous precedent. As the magistrate himself stated when he ordered the trial by affidavit, "[i]n 31 years I've never had that happen * * *." Far more telling than the lack of authority condemning the practice employed here is the complete lack of any authority authorizing such a departure from the rules of procedure.

{¶16} The dissent suggests that the evident unfairness of the trial was due not to the procedures employed, but to Mrs. Tyra's lack of diligence in asserting her rights. And while pro se litigants are generally held to the same standards as parties represented by counsel, that presumes a judicial process where the rules are assiduously followed. It seems patently unfair to hold Mrs. Tyra to a higher standard than the judicial officers entrusted with ensuring she received a fair trial.

{¶17} Mrs. Tyra was entitled to a fair trial. What she received was neither fair, nor a trial. We sustain Mrs. Tyra's first assignment of error.

### Remaining Claims Moot

{¶18} In her second assignment of error, Mrs. Tyra contends that it was plain error for the magistrate to hear the merits of the case because he was "involved" in mediation of the case. In her third assignment of error, Mrs. Tyra argues that it was plain error for the trial court to place time limitations on the presentation of evidence for both parties. In light of our disposition of the first assignment of error, these remaining assignments are moot, and we decline to address them.

**Conclusion**

**{¶19}** Because the use of an affidavit in lieu of direct testimony at the hearing of this case was plain error, we reverse the decision of the trial court and remand the cause for a new hearing consistent with this opinion.

Judgment reversed and cause remanded.

**HILDEBRANDT, P.J.**, **concurs**.
**DINKELACKER, J.**, **dissents**.

**DINKELACKER, J., dissenting.**

**{¶20}** While this court has not specifically addressed the issue of whether the admission of hearsay can constitute plain error, we have held that the trial court's consideration of evidence not properly before it does not constitute plain error. *Midland Funding LLC v. Farrell*, 1st Dist. Hamilton No. C-120674, 2013 Ohio App. LEXIS 3291 (July 24, 2013). In an action on an account, this court held that a party could not argue for the first time on appeal that the documents constituting the account had not been properly authenticated. *Id.*

**{¶21}** I have found no authority for the proposition that the admission of an affidavit as evidence in a hearing, during which the affiant is present and subject to cross-examination as to its contents, amounts to plain error. And I simply cannot conclude that the admission of Mr. Tyra's affidavit, when he was present and cross-examined by Mrs. Tyra, challenged the "legitimacy of the underlying judicial process itself." In the context of criminal proceedings, the Ohio Supreme Court has held that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements. * * * The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954

N.E.2d 596, ¶ 113. If the availability of the declarant for cross-examination satisfies the constitutional safeguards enshrined in the Confrontation Clause, it is safe to conclude that such a situation would not rise to the level of plain error in a divorce proceeding.

{¶22} The reason that plain error is so rarely recognized in the context of civil litigation is that parties should be required to safeguard their own interests at trial. If there is a problem with how the case is being managed, the aggrieved party's first and best opportunity to address the issue is at the time of its occurrence. This allows the trial court to correct its course when such correction can be most effective.

{¶23} In this case, Mrs. Tyra was told on February 12, 2013, that the parties would be allowed to submit their direct examinations by way of affidavit at the March 19, 2013 hearing. She could have objected to the procedure at that time and given the magistrate the opportunity to adjust. She did not. She did not argue this point to the trial court, which could have reset the matter at the savings of considerable judicial resources. Instead, she waited until after the final decision of the trial court and raised the issue for the first time in this court. The use of an affidavit in this case did not amount to plain error. I dissent.

Please note:

The court has recorded its own entry on the date of the release of this opinion.